**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA J. ROOT; et al., | No. 08-17644 |
| Plaintiffs - Appellants, | D.C. No. 2:05-cv-02834-SRB |
| v. | |
| TEMPE ST. LUKE'S HOSPITAL; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Donna J. Root appeals pro se from the district court's summary judgment for

defendants in her action under the Emergency Medical Treatment and Active Labor

Act ("EMTALA") and Arizona's wrongful death statute.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291.  We review summary judgment de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and review for an abuse of discretion challenges to evidentiary decisions, *ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003).  We may affirm on any grounds supported by the record.  *ACLU of Nev.*, 333 F.3d at 1097.  We affirm.

Summary judgment for defendants on Root's EMTALA claim was proper because Root presented no evidence raising a triable issue as to whether the assessment that Root's son received in the emergency room before he voluntarily left the hospital against medical advice differed from that received by other patients presenting similar symptoms or as to whether the assessment was designed to detect acute and severe symptoms.  *See Jackson v. East Bay Hosp.*, 246 F.3d 1248, 1255-56 (9th Cir. 2001) (recognizing EMTALA imposes no standard of care for screening patients; "the touchstone is whether . . . the procedure is designed to identify an emergency medical condition . . . manifested by acute and severe symptoms[,]" which is determined by whether it is comparable to that "offered to other patients presenting similar symptoms[.]") (citations and internal quotation marks omitted).

Summary judgment for defendants on Root's wrongful death claim was also proper.  The district court properly (1) required expert testimony as to causation, *see*

IL/RESEARCH

*Seisinger v. Siebel*, 203 P.3d 483, 493 (Ariz. 2009) ("We . . . conclude that the requirement of expert testimony in a medical malpractice action is a substantive component of the common law governing this tort action."), and (2) rejected as lacking foundation the testimony of Root's proffered causation expert, *see Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 607 (9th Cir. 2002) (affirming rejection of proffered medical expert as insufficient on causation). Because Root bore, and failed to carry, the burden of establishing a genuine issue of material fact as to whether or not defendants caused her son's death, summary judgment for defendants on her wrongful death claim was proper. *See Lake Nacimiento Ranch Co. v. San Luis Obipso County*, 841 F.2d 872, 876 (9th Cir. 1987) ("Under *Celotex* the . . . nonmoving party, may avoid summary judgment against it only by" showing a genuine issue of material fact as to an element essential to its case and on which it will bear the burden of proof at trial; the moving party "was not required to support its motion with affidavits or other similar materials *negating* the opponent's claim.") (emphasis in original) (citations and internal quotation marks omitted).

Root forfeited her remaining contentions, which were raised for the first time on appeal. *See Man-Seok Choe v. Torres*, 525 F.3d 733, 740 n.9 (9th Cir. 2008).

**AFFIRMED.**